ROBINSON BROG LEINWAND GREENE
GENOVESE & GLUCK P.C.
875 Third Avenue
New York, New York 10022
Telephone: (212) 603-6300
**A. Mitchell Greene**

*Proposed Attorneys for the Debtors and
Debtors in Possession*

Return Date: May 24, 2011
at 10:00 a.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X
                                                     :   Chapter 11

In re:                                              :
                                                :   Case No.: 11-11152 (SMB)
                                                    through 11-11167 (SMB)
**WEST END FINANCIAL ADVISORS,**   :   (Jointly Administered)
**LLC, et al.,**

                     Debtors.   :

------------------------------------------------------- X

## NOTICE OF MOTION FOR ENTRY OF ORDER AUTHORIZING DEBTORS' INTERIM AND FINAL USE OF CASH COLLATERAL AND FOR RELATED RELIEF

**PLEASE TAKE NOTICE**, that upon the annexed application of **West End Financial Advisors, LLC, et al.,** and its affiliates, the debtors and debtors in possession herein (the "Debtors"), by their proposed attorneys, **Robinson Brog Leinwand Greene Genovese & Gluck P.C.**, dated May 3, 2011, a hearing (the "Hearing") will be held before **the Honorable Stuart M. Bernstein, United States Bankruptcy Judge, at the United States Bankruptcy Court, Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004 on May 24, 2011 at 10:00 a.m.** in the forenoon of that day, or as soon thereafter as counsel can be heard, for entry of an

order pursuant to Section 105 of the Bankruptcy Code directing the substantive consolidation of the Debtors' chapter 11 estates and for such other and further relief as this Court deems just and proper.

**PLEASE TAKE FURTHER NOTICE**, that objections, if any, to the relief sought in the application, must be in writing setting forth the facts and authorities upon which an objection is based, filed with the Clerk of the Court, United States Bankruptcy Court, The Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004, with a copy to Chambers, provided, however, that pursuant to *general order* No. M-182 re Electronic Case Filing Procedures (as amended from time to time), entities with Internet access shall file objections (formatted with Adobe Acrobat) at http://www.nysb.uscourts.gov., and served so as to be received by the proposed attorneys for the Debtors, Robinson Brog Leinwand Greene Genovese & Gluck P.C., 875 Third Avenue, 9th Floor, New York, New York 10022, Attention: A. Mitchell Greene, Esq. and the United States Trustee's Office, Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004, Attention: Brian Masumoto, Esq. no later than **seven (7) days** prior to the Hearing Date.

PLEASE TAKE FURTHER NOTICE, that the Hearing may be adjourned from time to time without further notice except by announcement of such adjournment in open court on the date scheduled for the Hearing.

DATED: New York, New York
May 3, 2011

>ROBINSON BROG LEINWAND GREENE
GENOVESE & GLUCK P.C.
**Proposed Attorneys for Debtors**
875 Third Avenue, 9th Floor
New York, New York 10022
Tel. No.: 212-603-6300

By: _____
    A. Mitchell Greene

ROBINSON BROG LEINWAND GREENE
GENOVESE & GLUCK P.C.
875 Third Avenue
New York, New York 10022
Telephone: (212) 603-6300
A. Mitchell Greene

*Proposed Attorneys for the Debtors and
Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                                : Chapter 11
In re:                                 :
                                                : Case No.: 11-11152 (SMB)
                                                  through 11-11167 (SMB)
**WEST END FINANCIAL ADVISORS,**  : (Jointly Administered)
**LLC, et al.,**
                                               :
                      Debtors.      :
                                               :
------------------------------------------------------X

## APPLICATION FOR ENTRY OF ORDER
## AUTHORIZING DEBTORS' INTERIM AND FINAL USE OF CASH
## COLLATERAL AND FOR RELATED RELIEF

TO THE HONORABLE STUART M. BERNSTEIN:

       **West End Financial Advisors, LLC, et al.,** and its affiliated debtors and debtors in possession herein (the "Debtors"), by their proposed attorneys, **Robinson Brog Leinwand Greene Genovese & Gluck P.C.**, pursuant to sections 105(a), 361, 362, and 363(c)(2) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 4001-2 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules"), seek (i) the entry of a preliminary order in substantially the form annexed hereto as Exhibit "A" (the "Interim Order") authorizing the Debtors to use cash collateral as that term is defined in

{00529536.DOC;3 }

§363(a) of the Bankruptcy Code (the "Cash Collateral") in accordance with the budget (the "Budget") set forth as <u>Exhibit "B"</u> annexed hereto, pending a final hearing, (ii) the entry of a final order (the "Final Order"), authorizing the Debtors to use Cash Collateral, and (iii) such other and further relief as is appropriate (the "Cash Collateral Motion"). In support thereof the Debtors state:

## SUMMARY OF RELIEF REQUESTED

1. Debtors seek approval of the use of cash collateral as more fully set forth herein, and in the proposed order attached hereto as <u>Exhibit A</u>, from March 15, 2011 through May 31, 2011, subject to further agreed upon extensions, solely up to the amounts set forth on the budget attached hereto as <u>Exhibit B</u>, and to pay the quarterly fees of the United States Trustee pursuant to 28 U.S.C. section 1930(a)(6). The Lender, Northlight Fund LP, consents to the relief requested herein and the form of ordered attached hereto.

2. To adequately protect Northlight[1] and to secure against the diminution in value of Northlight's Cash Collateral and other Prepetition Collateral during the Chapter 11 Cases, Northlight is granted additional, continuing, valid, binding, enforceable, non-avoidable, and automatically perfected postpetition security interests in and liens on any and all real and personal property of the Debtors, senior to all other security interests in, liens on or claims against the Collateral, except for the US Trustee Carveout, and junior in priority to valid, duly perfected non-avoidable security interests in and liens on Prepetition Collateral in existence on the Petition Date. As additional protection, Northlight shall also receive an allowed superpriority administrative expense claim in these Chapter 11 Cases, pursuant to section 507(b) of the Bankruptcy Code, subject to the US Trustee Carveout, but with priority over all other administrative expense claims and Northlight shall receive adequate protection payments in the

---

[1] Capitalized terms are as defined herein.

amount of $98,107.21 for the period March 15 through April 30, 2011 and $65,913.75 for the period May 1 through May 31, 2011, in each case representing interest accrued pursuant to the Northlight Loan Agreement at the non-default contract rate of interest for the specified period.

## BACKGROUND

3. On March 15, 2011 (the "Petition Date") the Debtors filed petitions for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").

4. The Debtors' cases have been procedurally consolidated and are currently being jointly administered.

5. Debtors respectfully refer the Court to the Declaration of Raymond J. Heslin ("Heslin") Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York and In Support of First Day Motions, ECF document no. 1 (the "Heslin Declaration") and Debtors' Proposed Finding of Fact, ECF document no. 33, for a complete recitation of the facts of these cases and incorporates them herein by reference.

6. The Debtors' secured creditors are DZ Bank; Iberia Bank; Suffolk County National Bank; Signature Bank; Caplease Debt Funding LP; WestLB and the Lender, as defined herein.

7. Pursuant to a certain Loan Agreement dated as of August 6, 2009 (the "Original Loan Agreement") between West End/Mercury Short Term Mortgage Fund, LP (the "Borrower") (a Debtor herein) and Northlight Financial LLC (the "Original Lender"), the Original Lender made a loan (the "Loan") to the Borrower evidenced by that certain Secured Promissory Note dated August 6, 2009 (the "Original Note") issued by the Borrower to the Original Lender in the original principal amount of $632,500. Concurrently with the closing of the Loan, the Original Lender, pursuant to a certain Assignment and Acceptance Agreement

dated as of August 6, 2009 between the Original Lender, as assignor, and Northlight Fund, LP, a Delaware limited partnership, as assignee (the "Lender"), assigned to the Lender, and the Lender purchased and assumed, the Original Lender's rights and obligations under the Original Loan Agreement.

8. MCC Funding, LLC ("MCC Funding"), a special purpose entity, wholly-owned at the time by the Borrower, established to purchase from the Borrower, from time to time, mortgage loans made by the Borrower, was a party to a certain Credit and Security Agreement dated as of September 21, 2007 by and among MCC Funding, as borrower, WestLB AG, New York Branch ("WestLB"), as lender and agent, and Wells Fargo National Association, as custodian (the "WestLB Credit Agreement"). Pursuant to the WestLB Credit Agreement, WestLB made advances to provide a portion of the funds necessary to enable MCC Funding to purchase the mortgage loans from the Borrower. By the end of 2009, certain issues had arisen under the WestLB Credit Agreement as the result of the funding by WestLB of an advance of $5,200,000 (the "WestLB Repayment Amount"), the proceeds of which advance were misdirected for purposes other than as permitted under the terms of the WestLB Credit Agreement. WestLB, upon being informed by Raymond J. Heslin, then General Counsel to the Debtors, discovered that such funds had been improperly misdirected, sought to have the Borrower repay, or cause to be repaid on MCC Funding's behalf, the WestLB Repayment Amount. Under the terms of the Original Loan Agreement, the Lender had agreed, subject to the satisfaction of certain conditions precedent, to provide the funds necessary to enable the Borrower to cause the WestLB Repayment Amount to be repaid. Consequently, the Lender agreed to purchase from WestLB a portion of the existing outstanding balance due under the West LB Credit Agreement, in the amount of the WestLB Repayment Amount, which interest

(the "WestLB Interest") was to be subordinate to the repayment of the amounts due WestLB under the WestLB Credit Agreement. In consideration of the Lender acquiring the WestLB Interest, the parties agreed that the Borrower and certain other parties, including the Guarantor, would provide additional financial assurances to the Lender in the form of pledges and security interests to secure all of the Obligations under the Loan Agreement, including the $5,200,000 advanced by the Lender to acquire the WestLB Interest.

9. Accordingly, on or about December 18, 2009, the Original Loan Agreement was amended and restated pursuant to that certain Amended and Restated Loan Agreement, dated as of December 18, 2009 (the "Northlight Loan Agreement"), by and among the Borrower, West End Mortgage Finance Fund, LP ("WEMFF") (a Debtors), as Guarantor, the Lender and Northlight Financial LLC, as Agent (the "Agent"), in order to, among other things, increase the amount of, and extend the term of, the Loan to reflect the advance by the Lender to the Borrower of an additional $5,200,000. Additionally, in connection with the closing of the Loan Agreement, the Original Note was amended pursuant to that certain Allonge to Secured Promissory Note (the "Allonge") executed by the Borrower, the Original Lender and the Lender. The Original Note, as amended by the Allonge, is referred to herein as the "Note."

10. The obligations of the Borrower under the Note and the Northlight Loan Agreement are secured by, among other things, liens, security interests and pledges (collectively, the "Prepetition Liens") granted to the Lender pursuant to the following instruments:

> i. that certain Security Agreement, dated as of December 18, 2009, by and between the Borrower and the Lender;

      ii.   that certain Pledge Agreement dated as of December 18, 2009 by and among the Borrower, WEMFF and West End Fixed Income Partners, LP ("WEFIP"), as pledgors, and the Lender, as pledgee;

      iii.   that certain Security Agreement dated as of December 18, 2009 by and among WEFIP and WEMFF, as grantors, and the Lender (the Security Agreements and the Pledge Agreement described in this Recital D.4, collectively, the "Security Agreements," and the collateral and interests in property granted pursuant to the Security Agreements, the "Prepetition Collateral");

11. The full and prompt payment and performance of all obligations of the Borrower under the Note and the Northlight Loan Agreement are guaranteed by WEMFF and WEFIP, jointly and severally, pursuant to that certain Guaranty of Payment and Performance, dated as of December 18, 2009 (the "Guaranty Agreement" and together with the Note, the Northlight Loan Agreement, the Security Agreements, and any other and all other agreements, instruments and documents executed by, in favor of or for the benefit of the Lender in connection with the Loan, collectively, the "Northlight Loan Documents").

12. Pursuant to the Northlight Loan Documents, as of the Petition Date, the Lender holds a claim (the "Northlight Claim") against each of the Borrower, WEMFF, WEFIP, West End Capital Management LLC (a Debtor and the general partner of the Borrower) and West End Financial Advisors LLC (a Debtor and the general partner of each of WEMFF and WEFIP) in the outstanding principal amount of $5,200,000, plus (x) accrued and unpaid interest thereon and (y) all fees, costs and expenses, including, without limitation, attorneys' fees, incurred by the Lender that are chargeable or reimbursable under the Northlight Loan Documents. As of the

Petition Date, the Northlight Claim was a fully-secured claim under section 506(a) of the Bankruptcy Code.

13. The Debtors have obtained Northlight's consent for the use of cash collateral, nunc pro tunc to the Petition Date, through May 31, 2011, subject to further agreed upon written extensions, in accordance with the terms set forth in the Interim Order and budget attached thereto, solely up to the amounts set forth in the budget and to pay the quarterly fees, including interest thereon, if any, of the United States Trustee in accordance with 28 U.S.C. Section 1930(a)(6) (the "US Trustee Carveout").

14. Debtors have insufficient cash on hand to meet their ongoing operating expenses and require the use of cash collateral in order to be able to continue to operate their business, including, the payment of rent, equipment rent, insurance premiums, and payroll obligations, as more specifically itemized in the Budget.

15. Debtors have an immediate and critical need to use cash collateral in order to continue to operate their business and effectuate their proposed liquidating plan of reorganization, subject to the terms of a final cash collateral order, in order to avoid a material adverse effect on the Debtors' estates and its creditors.

16. Northlight consents to the entry of the Interim Order so as to allow the Debtors access to cash in order to continue to timely pay their post-petition obligations, including adequate protection payments to Northlight for the agreed upon cash collateral period, which currently expires on May 31, 2011.

17. To adequately protect Northlight and to secure against the diminution in value of Northlight's Cash Collateral and other Prepetition Collateral during the Chapter 11 Cases, Northlight is granted additional, continuing, valid, binding, enforceable, non-avoidable, and

automatically perfected postpetition security interests in and liens on any and all real and personal property of the Debtors (the "Collateral"), senior to all other security interests in, liens on or claims against the Collateral, except for the US Trustee Carveout, and junior in priority to valid, duly perfected non-avoidable security interests in and liens on Prepetition Collateral in existence on the Petition Date. As additional protection, Northlight shall also receive an allowed superpriority administrative expense claim in these Chapter 11 Cases, pursuant to section 507(b) of the Bankruptcy Code, subject to the US Trustee Carveout, but with priority over all other administrative expense claims and Northlight shall receive adequate protection payments in the amount of $98,107.21 for the period March 15 through April 30, 2011 and $65,913.75 for the period May 1 through May 31, 2011, in each case representing interest accrued pursuant to the Northlight Loan Agreement at the non-default contract rate of interest for the specfied period. Debtors submit that the foregoing adequately protects Northlight's interest in the cash collateral.

18. Debtors seek pursuant to section 363(c)(2) of the Bankruptcy Code and Rule 4001(b) of the Bankruptcy Rules, (i) the entry of the Interim Order authorizing the Debtors to use cash collateral pending a Final Hearing, (ii) the entry of the Final Order, authorizing the Debtors to use cash collateral, (iii); and such other and further relief as is appropriate.

19. Absent the use of Cash Collateral to pay the operating expenses, the Debtors submit that the value of the Debtors' business will decline. Moreover, the inability to make timely payment of post-petition services will erode, if not eliminate the Debtors' ability to reorganize. The immediate payment of the operating expenses is therefore necessary to preserve the Debtors' estate. Accordingly, the Court should authorize the Debtors to expend such sums from the cash collateral as are necessary to pay operating expenses.

20. Bankruptcy Rule 4001(b)(2) provides that a court may not commence a final hearing with respect to a debtor's motion to use cash collateral until fifteen (15) days after service of the motion.

21. In accordance with Bankruptcy Rule 4001(b)(2), the Debtors have provided notice of this motion upon the Office of the United States Trustee, Lender's counsel, the Debtors' secured creditors, the SEC, the Debtors' consolidated 50 largest unsecured creditors, Debtors' RAD investors, promissory note holders, and limited partners and all parties who have filed notices of appearance in these Cases.

22. No prior application for the relief sought herein has been made to this or any other Court.

**WHEREFORE**, the Debtors seek (i) the entry of the attached proposed Interim Order authorizing the Debtors to use Cash Collateral pending a Final Hearing, (ii) the entry of the Final Order, authorizing the Debtor to use Cash Collateral, and (iii) such other and further relief as may be just and proper.

**Dated:** New York, New York
May 3, 2011

        **ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.**
        **Proposed Attorneys for the Debtors**
        875 Third Avenue
        New York, New York 10022
        212-603-6300

        By: _____
            A. Mitchell Greene