UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | Chapter 11 |
| WEST END FINANCIAL ADVISORS, LLC, *et al.*, | Case No. 11-11152 (SMB) |
| Debtors. | (Jointly Administered) |

**APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS AUTHORIZING RETENTION OF FTI CONSULTING, INC. AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS NUNC PRO TUNC TO MAY 18, 2011**

The Official Committee of Unsecured Creditors (the "Committee") of West End Financial Advisors, LLC., *et al.* (the "Debtors") respectfully submits this application (the "Application"), pursuant to § 1103 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order authorizing the Committee to retain and employ FTI Consulting, Inc. (together with its wholly owned subsidiaries, agents, independent contractors and employees, "FTI") as its financial advisor in connection with the Debtors' chapter 11 cases, *nunc pro tunc* to May 18, 2011. In support of this Application, the Committee respectfully represents as follows:

**BACKGROUND**

1. On March 15, 2011 (the "Petition Date"), the Debtors filed voluntary petitions with this Court under chapter 11 of the Bankruptcy Code. The Debtors are operating their business as debtors in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

2. On May 3, 2011 (the "Formation Meeting"), the Office of the United States Trustee appointed the Committee pursuant to § 1102 of the Bankruptcy Code. After the

1

Formation Meeting, the Committee selected Klestadt & Winters, LLP as its counsel, and on May 18, 2011, the Committee selected FTI Consulting, Inc. as its restructuring and financial advisor. The Committee consists of the following five members:

(a) Signature Bank;

(b) Thomas A. Reed;

(c) Doris K. Silverman;

(d) Jayne M. Kurzman; and

(e) Darren Conte;

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief sought herein is § 1103 of the Bankruptcy Code and Bankruptcy Rule 2014.

## RELIEF REQUESTED

4. By this Application, the Committee seeks to employ and retain FTI pursuant to § 1103 of the Bankruptcy Code to perform financial advisory services for the Committee in these chapter 11 cases, *nunc pro tunc* to May 18, 2011, the date when FTI was selected as financial advisor for this case.

5. The Committee is familiar with the professional standing and reputation of FTI. The Committee understands and recognizes that FTI has a wealth of experience in providing financial advisory services in restructurings and reorganizations and enjoys an excellent reputation for services it has rendered in complex chapter 11 cases on behalf of debtors and creditors throughout the United States.

6. The services of FTI are deemed necessary to enable the Committee to assess and monitor the efforts of the Debtors to maximize the value of their estates. Further, FTI is well qualified and able to represent the Committee in a cost-effective, efficient, and timely manner.

## SCOPE OF SERVICES

7. The Committee respectfully submits that it is necessary and appropriate for it to employ and retain FTI to provide, among other things, the following services:

- Assessment and monitoring of the Debtors' short term cash flow, liquidity, operating results, and cash collateral budgets;

- Review of financial-related disclosures required by the Court, including the Schedules of Assets and Liabilities, the Statement of Financial Affairs and Monthly Operating Reports;

- Review of the Debtors' books and records, bank statements, investor account reconciliations, and other pertinent documentation in consideration of substantive consolidation.

- Review of the claims reconciliation and estimation process;

- Evaluation and analysis of avoidance actions, including fraudulent conveyances, preferential transfers, and any other relevant causes of action;

- Review of proposed transactions for which Court approval is sought;

- Review of any tax issues associated with, but not limited to, claims/stock trading, preservation of net operating losses, refunds due to the Debtors, plan(s) of liquidation, and asset sales;

- Review of the plan(s) of liquidation and related disclosure statement(s);

- Attendance at meetings and assistance in discussions with the Debtors, investors, the Committee, the U.S. Trustee, the SEC, other parties in interest and professionals hired by

the same, as requested;

- Review and/or preparation of information and analysis necessary for the confirmation of a plan in these chapter 11 proceedings;

- Expert testimony, as needed;

- Assessment of the Debtors' assets and valuation of Debtor and non-Debtor investment funds in which the Debtors may have an interest; and

- Rendering such other general business consulting or such other assistance as the Committee or its counsel may deem necessary, and which are consistent with the role of a financial advisor and not duplicative of services provided by other professionals in these proceedings.

## FTI'S ELIGIBILITY FOR EMPLOYMENT

8.  FTI has informed the Committee that, except as may be set forth in the Affidavit of Conor Tully (the "Tully Affidavit"), it does not represent any other entity having an adverse interest in connection with these cases, and FTI therefore believes it is eligible to represent the Committee under § 1103(b) of the Bankruptcy Code.

9.  FTI will continue ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new material facts or relationships are discovered, FTI will supplement its disclosure to the Court.

10. FTI has agreed not to share with any person or firm the compensation to be paid to FTI for professional services rendered in connection with these cases.

4

**TERMS OF RETENTION**

11.     The Committee understands that FTI intends to apply to the Court for allowance of compensation and reimbursement of expenses for its financial advisory support services in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, corresponding local rules, orders of this Court, and guidelines established by the United States Trustee.

12.     FTI will seek to be compensated on an hourly fee basis plus reimbursement of actual and necessary expenses incurred by FTI.  Actual and necessary expenses would include any reasonable legal fees incurred in defense of its retention application and fee applications in this matter, which expenses remain subject to Court approval.  However, FTI shall not seek the reimbursement of legal fees and expenses with respect to any routine retention and/or fee application matters.

13.     The customary hourly rates, subject to periodic adjustments, charged by FTI professionals anticipated to be assigned to this case are as follows:

| | |
|---|---|
| Senior Managing Directors | $565-895 |
| Directors/Managing Directors | $400-745 |
| Consultants/Senior Consultants | $230-530 |
| Administration/Associates | $115-250 |

14.     In addition to the foregoing, and as a material part of the consideration for the agreement of FTI to furnish services to the Committee pursuant to the terms of this Application, FTI requests that the following indemnification provisions be approved:  Subject to the subparagraphs immediately below, the Debtors are authorized to indemnify, and shall indemnify, FTI for any claims arising from, related to, or in connection with FTI's engagement, *provided, however*, that with respect to any claims of FTI for indemnification:

(a)     all requests of FTI for indemnity payments shall be made by means of an

interim or final application (as the case may be) and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the indemnification and is reasonable based upon the circumstances of the litigation or settlement on which indemnity is sought; *provided, however*, that no such payment shall be made for FTI's own bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct;

(b)    in no event shall FTI be indemnified if the Debtors or a representative of the estates asserts a claim for, and a court determines by final order that such claim arose out of, FTI's own bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct; and

(c)    in the event that FTI seeks reimbursement for attorneys' fees from the Debtors pursuant to the indemnification, the invoices and supporting time records from such attorneys shall be included in FTI's own applications, and such invoices and time records shall be subject to the United States Trustee's guidelines for compensation and reimbursement of expenses and approval of the Bankruptcy Court under the standards of §§ 330 and 331 of the Bankruptcy Code, without regard to whether such attorney has been retained under § 327 of the Bankruptcy Code, and without regard to whether such attorneys' services satisfy § 330(a)(3)(C) of the Bankruptcy Code.

(d)    if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in the Chapter 11 Cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing the Chapter 11 Cases, FTI believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification obligations under the Application, including, without limitation, the advancement of defense costs, FTI must file an application therefor in this Court, and the Debtors may not pay any such amounts to FTI before the entry of an order by this Court approving the payment.  This subparagraph is intended to specify only the period of time under which the Court shall have jurisdiction over any request for fees and expenses by FTI for indemnification, and not as a provision limiting the duration of the Debtors' obligation to indemnify FTI.

## NO PRIOR REQUEST

No prior application for the relief requested herein has been made to this or any other Court.

WHEREFORE, the Committee respectfully requests that the Court enter an Order,

substantially in the form attached hereto, authorizing the Committee to employ and retain FTI as financial advisor for the Committee for the purposes set forth above, *nunc pro tunc* to May 18, 2011 (the date the Committee selected FTI as its financial advisor), and grant such further relief as is just and proper.

Dated: May 26, 2011

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF WEST END FINANCIAL ADVISORS LLC,** *et al.*

_____
Signature Bank
By Salvatore Trifiletti

Chair, Official Committee of Unsecured Creditors of West End Financial Advisors, LLC, *et al.*