ROBINSON BROG LEINWAND GREENE
 GENOVESE & GLUCK P.C.
875 Third Avenue, 9th Floor
New York, New York 10022
Telephone No.: 212-603-6300
A Mitchell Greene
Counsel to the Plan Administrator and the Post-
Confirmation Estate

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

In re:

    **West End Financial Advisors LLC et al.**

        Reorganized Debtors.
------------------------------------------------------------X

Joshua Rizack, as Plan Administrator for
The Post Confirmation Estate of West End
Financial Advisors LLC,
          Plaintiff
       -against-

Bernard Goldberg Trust and Carole Goldberg

          Defendants.
------------------------------------------------------------X

Confirmed Chapter 11

Case No.: 11-11152 (SMB)
(Substantively Consolidated)

Adv. Pro. No     -

COMPLAINT

      Plaintiff, Joshua Rizack, in his capacity as Plan Administrator (the "Plan Administrator"

or the "Plaintiff") for the Post-Confirmation Estate (the "Estate") of West End Financial

Advisors LLC ("West End") and its substantively consolidated affiliates[1] (West End and its

---

[1] The Debtors, whose estates have been partially substantively consolidated by order of the Bankruptcy Court dated July 25, 2011 are the following entities: West End Financial Advisors LLC (Case No. 11-11152); Amagansett Realty SPV 1 LLC (Case No. 11-11167); Benedek Development Group, LLC (Case No. 11-11155); L/C Family Limited Partnership (Case No. 11-11157); Sentinel Investment Management Corp.(Case No. 11-11153); SIMCO SPV 1 LP (Case No. 11-11158); West End Absolute Return Fund I, LP (Case No. 11-11161); West End Capital Management LLC (Case No. 11-11154); West End Absolute Return Partners LP (Case No. 11-11159); West End Income Strategies Fund LP (Case No. 11-11160); West End Mortgage Finance Fund I LP (Case No. 11-11162); West End Private Client Fund L.P.(Case No. 11-11163); West End Real Estate Fund 1 LP (Case No. 11-11164);

{00613554.DOCX;1 }

substantively consolidated affiliates are collectively referred to herein as the "West End Entities", each respective West End Entity is from time to time referred to singularly as a "West End Entity"), by his attorneys, Robinson Brog Leinwand Greene Genovese & Gluck P.C., as and for his complaint (the "Complaint") against Bernard Goldberg Trust and Carole Goldberg hereinafter referred to collectively as the "Defendants"), sets forth and alleges as follows:

## Nature of the Adversary Proceeding

1. This Complaint seeks to avoid and recover certain transfers made by West End Special Opportunity Fund L.P. ("Special Op."), one of the above named substantively consolidated Debtor's estates, prior to the commencement to the Debtors' bankruptcy cases. Specifically, this action seeks entry of a judgment against the Defendant pursuant to sections 105(a), 544 and 550 of title 11 of the United States Code (the "Bankruptcy Code"), the New York Fraudulent Conveyance Act (New York Debtor and Creditor Law § 270 *et seq*. (McKinney 2001) ("DCL") and other applicable law, for avoidance of fraudulent conveyances in connection with certain transfers of certain of the West End Entities property, identified below, made to or for the benefit of the Defendant. The Plan Administrator seeks to set aside such transfers and preserve and recover the property or the value thereof for the benefit of the Estate.

2. William Landberg ("Landberg") operated the West End Entities, each of which filed voluntary bankruptcy petitions with this court. Cash Liquidity, Absolute Return and Special Op. paid distributions to the Defendants in excess of his capital accounts in each entity when the paying entity was insolvent. As a result, the distributions in excess of the Defendants' capital contribution to the respective West End Entity constitutes "fictitious profits" paid by such entity

---

West End Special Opportunity Fund II, LP (Case No. 11-11166); West End Special Opportunity Fund, LP (Case No. 11-11165); West End/Mercury Short-Term Mortgage Fund, LP. (Case No. 11-11156); West End Cash Liquidity Fund I L.P. (Case No. 11-12774) and West End Dividend Strategy Fund I L.P. (Case No. 11-13247).

{00613554.DOCX;1 }

that were fraudulently conveyed to the Defendant and are recoverable by the Plaintiff under the applicable provisions of the Bankruptcy Code and the DCL.

### Jurisdiction and Venue

3. This adversary proceeding is related to the substantively consolidated cases entitled <u>In re West End Advisors, LLC</u>, Case No 11-11152(SMB), a confirmed chapter 11 case filed pursuant to the Bankruptcy Code pending in the United States Bankruptcy Court for the Southern District of New York (the "<u>Bankruptcy Court</u>").

4. The Bankruptcy Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 in that it arises in or is related to the above captioned chapter 11 case.

5. The statutory predicates for relief are 11 U.S.C. §§ 105(a), 541, 544, 548 and 550 of and DCL § 270 *et seq*.

6. This is a core proceeding under 28 U.S.C. §157 and with respect to any claims hereunder which may be deemed non-core, the Plan Administrator consents to the entry of final orders and judgments by the Bankruptcy Court.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

### Overview of the Bankruptcy Case and The Parties to This Action

8. On March 15, 2011, West End and fifteen of its affiliates (the "<u>Initial Debtors</u>") filed voluntary petitions for relief pursuant to chapter 11 of the Bankruptcy Code. Pursuant to an order of the Bankruptcy Court entered on March 25, 2011, the cases were jointly administered.

9. On June 9, 2011 and on July 6, 2011, two additional affiliates of West End, West End Dividend Strategy Fund I, LP and West End Cash Liquidity Fund I, LP (together with the Initial Debtors, the "<u>Debtors</u>"), filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

10. On June 25, 2011, the Bankruptcy Court entered an order directing the partial substantive consolidation of the Debtors' eighteen (18) estates (the "Sub-Con Order").

11. The Sub-Con Order provided that, notwithstanding the substantive consolidation, the elements and existence of any such causes of action (including but not limited to the solvency of the Debtors) or defenses are to be determined on an unconsolidated basis.

12. On January 24, 2012, the Debtors filed their *Third Amended Plan of Liquidation of West End Financial Advisors, LLC (Corrected)* [Dkt. No. 305] (the "Confirmed Plan").

13. On January 26, 2012, the Bankruptcy Court entered its *Findings of Fact, Conclusions of Law and Order Confirming Third Amended Plan of Liquidation of West End Financial Advisors LLC* [Dkt. No. 318] (the "Confirmation Order").

14. On March 30, 2012, the Debtors filed a *Notice Of Entry Of: (I) Order Confirming Third Amended Joint [sic] Plan Of Liquidation Of West End Financial Advisors LLC (Corrected) Pursuant To Chapter 11 Of The Bankruptcy Code; (II) Occurrence Of Effective Date; and (III) Deadline For Filing Administrative Claims And Claims Arising From Rejection Of Executory Contracts Or Unexpired Leases; (III) [sic] Waiver Of Conditions Precedent To The Effective Date Which Have Not Yet Been Satisfied* [Dkt. No. 366] (the "Effective Date Notice"), providing notice of, among other things, the occurrence of the Effective Date on March 30, 2012.

15. The Plan Administrator is the successor in interest to the substantively consolidated estates of West End Financial Advisors LLC pursuant to the *Third Amended Plan of Liquidation of West End Financial Advisors, LLC (Corrected)* [Dkt. No. 305] (the "Confirmed Plan").

16. Pursuant to section 6.8 of the Confirmed Plan, the Plan Administrator is the fiduciary for the Estate and is the duly authorized representative under the Confirmed Plan to prosecute actions retained by the Estate under the Confirmed Plan and the Confirmation Order.

17. Upon information and belief, the Bernard Goldberg Trust is administered at 334 East 74th St, Suite 6B New York NY, 10021.

18. Upon information and belief Carole Goldberg is an individual with an address of 3000 Island Blvd Ph1 Aventura, Florida 33160-4927.

19. All Defendants are properly joined in this action pursuant to Rule 20 of the Federal Rules of Civil Procedure, made applicable by Rule 7020 of the Federal Rules of Bankruptcy Procedures because the right to relief asserted against all Defendants arises out of the same transactions, occurrences and questions of fact and law common to all Defendants in this action.

20. Prior to the Petition Date, the Defendants conveyed $1,150,000 to Special Op. which sum was credited to Defendants' Special Op. capital account. Subsequently prior to the transaction described below the Defendants transferred $500,000 from its capital account to Carole Goldberg thereby reducing its capital account to $650,000.

21. Within six years prior to the Petition Date, Special Op. made the following transfer of its property to or for the benefit of the Defendants:

| Date of Transfer | Amount of Transfer | Mode of Transfer | Recipient /Endorsement |
|---|---|---|---|
| 10/4/06 | $997,303.98 | Wire Ref# 20061004B6B7262F000032 | Carole Goldberg |
|  |  |  |  |
| Total | $997,303.98 |  |  |

22. The Transfer totaling $347,303.8 (the "Transfer"), consisted of a conveyance of Special Op property made to the Defendants in excess of their investment in Special OP and constituted "fictitious profits" which were paid to the Defendants.

FIRST CLAIM FOR RELIEF
(Incorporating all previous allegations)

26. To the extent applicable, the Plan Administrator incorporates by reference the allegations contained in the previous paragraphs of this Complaint as if fully rewritten herein.

27. At all times relevant to the Transfer, there have been and are one or more creditors who have held and still hold matured or unmatured unsecured claims against the respective West End Entities that were and are allowable under section 502 of the Bankruptcy Code or that were and are not allowable only under section 502(e) of the Bankruptcy Code.

28. Each Transfer constituted a conveyance as such term is defined under DCL section 270.

29. The respective West End Entity did not receive fair consideration for the Transfer.

30. The respective West End Entity was insolvent, or became insolvent as a result of the Transfer.

31. As a result of the foregoing, pursuant to sections 273, 278 and/or 279 of the DCL, sections 544(b), 550(a), and 551 of the Bankruptcy Code, as applicable, the Plaintiff is entitled to a judgment against Defendant: (a) avoiding and preserving the Transfer, (b) directing that the Transfer be set aside, (c) recovering the Transfer, or the value thereof, from Defendant for the benefit of the Post-Confirmation Estate of the West End Entities.

SECOND CLAIM FOR RELIEF
(Incorporating all previous allegations)

32. To the extent applicable, the Plan Administrator incorporates by reference the allegations contained in the previous paragraphs of this Complaint as if fully rewritten herein.

33. At all times relevant to the Transfer, there have been and are one or more creditors who have held and still hold matured or unmatured unsecured claims against the

{00613554.DOCX;1 }

respective West End Entity that were and are allowable under section 502 of the Bankruptcy Code or that were and are not allowable only under section 502(e) of the Bankruptcy Code.

34. Each Transfer constituted a conveyance as defined under section 270 of the DCL.

35. The respective West End Entities did not receive fair consideration for the Transfer.

36. At the time the Transfer was made, Special Op was engaged or was about to engage in a business or transactions for which the property remaining in its hands after the Transfers was an unreasonably small capital.

37. As a result of the foregoing, pursuant to sections 274, 278 and/or 279 of the DCL, sections 544(b), 550(a) and 551 of the Bankruptcy Code, the Plaintiff is entitled to a judgment against Defendant: (a) avoiding and preserving the Transfer, (b) directing that the Transfer be set aside, and (c) recovering the Transfer, or the value thereof, from Defendant for the benefit of the Post-Confirmation Estate of the West End Entities.

### THIRD CLAIM FOR RELIEF
(Incorporating all previous allegations)

38. To the extent applicable, the Plan Administrator incorporates by reference the allegations contained in the previous paragraphs of this Complaint as if fully rewritten herein.

39. At all times relevant to the Transfer, there have been and are one or more creditors who have held and still hold matured or unmatured unsecured claims against the respective West End Entity that were and are allowable under section 502 of the Bankruptcy Code or that were and are not allowable only under section 502(e) of the Bankruptcy Code.

40. The Transfer constituted a conveyance as defined under section 270 of the DCL.

41. The respective West End Entity did not receive fair consideration the Transfer.

{00613554.DOCX;1 }

42. At the time the respective West End Entity made the Transfer, Special OP had incurred, was intending to incur, or believed that it would incur debts beyond its ability to pay them as the debts matured.

43. As a result of the foregoing, pursuant to sections 275, 278 and/or 279 of the DCL and sections 544(b), 550(a) and 551 of the Bankruptcy Code, as applicable, the Plaintiff is entitled to a judgment against Defendant: (a) avoiding and preserving the Transfers, (b) directing that the Transfer be set aside, and (c) recovering the Transfer, or the value thereof, from Defendant for the benefit of the estate of Post-Confirmation Estate of the West End Entities.

WHEREFORE, the Plan Administrator respectfully requests that this Court enter judgment in favor of the Plan Administrator and against Defendants as follows:

(i) On the First Claim for Relief, pursuant to sections 273, 278 and/or 279 of the DCL, sections 544(b), 550(a) and 551 of the Bankruptcy Code: : (a) avoiding and preserving the Transfer, (b) directing that the Transfer be set aside, and (c) recovering the Transfer, or the value thereof, from the Defendants for the benefit of the Post-Confirmation Estate of the West End Entities;

(ii) On the Second Claim for Relief, pursuant to sections 274, 278 and/or 279 of the DCL, sections 544(b), 550(a), and 551 of the Bankruptcy Code: (a) avoiding and preserving the Transfer, (b) directing the Transfer be set aside, and (c) recovering the Transfer, or the value thereof, from the Defendants for the benefit of the Post-Confirmation Estate of the West End Entities;

(iii) On the Third Claim for Relief, pursuant to sections 275, 278 and/or 279 of the DCL, sections 544(b), 550(a) and 551 of the Bankruptcy Code: (a) avoiding and preserving the Transfer, (b) directing that the Transfer be set aside, and (c) recovering the Transfer, or the value thereof, from the Defendants for the benefit of the Post-Confirmation Estate of the West End Entities;

(iv) On all Claims for Relief, pursuant to federal common law and N.Y. CPLR 5001 and 5004 awarding the Plan Administrator prejudgment interest from the date on which the Transfer was received;

(v) On all Claims for Relief, establishment of a constructive trust over the proceeds of the Transfer in favor of the Plan Administrator for the benefit of Post-Confirmation Estate of the West End Entities;

(vi) On all Claims for Relief, awarding the Plan Administrator all applicable interest, costs, and disbursements of this action; and

(vii) On all Claims for Relief, granting Plaintiff such other, further, and different relief as the Court deems just, proper, and equitable.

Dated: New York, New York
      March 14, 2013

ROBINSON BROG LEINWAND GREENE
GENOVESE & GLUCK P.C.
Counsel to the Plan Administrator and the Post-Confirmation Estate
875 Third Avenue, 9th Floor
New York, New York 10022
Tel. No.: 212-603-6300

By:/s/ A. Mitchell Greene

{00613554.DOCX;1 }