| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | Hearing Date: 1/6/15 @ 10:00 am |

-----------------------------------------------------------X
:
In re:                                                                           :            Chapter 11
                                                                                      :
West End Financial Advisors LLC                           :            Case No. 11-11152 (SMB)
                                                                                      :            (Jointly Administered)
                                                                                      :
                                        Debtor.                        :
-----------------------------------------------------------X

### EIGHTH POST-CONFIRMATION STATUS REPORT

On January 26, 2012, this Court entered a Post-Confirmation Order and Notice with respect to Third Amended Plan of Liquidation of West End Financial Advisors LLC (corrected)(the "Plan"), which Plan has been confirmed by Order of this Court dated January 26, 2012. The first status report in this case was filed on April 13, 2012, the second status report was filed on July 17, 2012, the third status report was filed on October 11, 2012, the fourth status report was filed on January 28, 2013. the fifth status report was filed on April 24, 2013, the sixth status report was filed on December 5, 2013 and the seventh status report was filed on April 17, 2014.

The Plan was declared effective as of March 30, 2012. The assets of the Debtors were deemed transferred to the Post-Confirmation Estate on that date and Joshua Rizack assumed his role as Plan Administrator.

{00707873.DOC;1 }1

## The Franchise Fund

Since the submission of the seventh post-confirmation status report, the Plan Administrator has not actively solicited bids for the sale of the Franchise Fund having concluded from two years of unsuccessful efforts to attract an acceptable offer, that continuing to collect the loans in this portfolio will maximize the return for the estate. Ultimately, the large swap breakage penalties which are built into the fund consumed most of the Reorganized Debtor's equity in a sale scenario, making a sale unattractive. Collecting the portfolio as it runs out requires the borrowers to bear the swap breakage costs when they refinance the loans, or avoid swap breakage costs when the loan mature and are satisfied in accordance with their terms.

The Plan Administrators efforts to sell the partnership interests, as opposed to the underlying loans, did not result in any offers.

Since confirmation, the debt on the Franchise Fund held by DZ Bank has been significantly reduced from approximately $120,000,000 to a total of approximately $24,000,000. The DZ loan facility expires by its terms on or about January 17, 2015. The Debtor and DZ have agreed in principle (which agreement has been approved by DZ Bank's credit committee) to extend the term of the facility for two years to January 17, 2019. That agreement should be concluded shortly. DZ Bank is charging a two (2%) percent extension fee which the Post-Confirmation Trust has sufficient liquidity to satisfy.

### The Hard Money Fund

As noted in the seventh status report, MCC Funding LLC's[1] chapter 11 case was dismissed on the Debtor's motion after an agreement had been reached with WestLB Bank (now Portigon AG), its major secured creditor to settle its claims of over $30,000,000 against a real estate portfolio with a value of between $15-18 million. Under the settlement which led to the dismissal, the Post-Confirmation Estate was paid $550,000 to transfer certain general partner interests to Portigon to facilitate its efforts to recover on the loans. In addition, the Post-Confirmation Estate received an irrevocable assignment and power of attorney with respect to certain claims held by WestLB against Signature Bank and others with respect to alleged violations of 2007 Credit and Security Agreement between MCC Funding LLC and WestLB Bank including a Deposit Control Agreement to which Signature Bank was a party.

### Fusion Stock

The Estate also holds a large block of stock[2] in Fusion

---

[1] To refresh the Court's recollection, MCC Funding LLC was the entity through which the debtor's real property loans were originated using funds provided 20% by investors in West End/Mercury Short Term Mortgage Fund LP ("West End/Mercury") and 80% with funds borrowed from WestLB by MCC on a secured basis. West End/Mercury, (which was substantively consolidated with West End Financial Advisors LLC during the chapter 11 case), transferred its interest in MCC to the Northlight Distressed Real Estate Fund L.P., which became MCC's sole member, when Northlight made its second priority loan to MCC Funding in 2009. At that time, West End's transferred its membership interest in MCC to the Northlight Distressed Real Estate Fund L.P. and West End became a limited partner in the Northlight Distressed Real Estate Fund L.P. All of these changes occurred pre-petition in 2009 when Northlight made its $6.5 million subordinated secured loan.

[2] The Debtor also owns warrants to purchase about one million shares of stock in fusion, all of which

Telecommunications International, a publicly traded stock in the OTC market, ticker symbol FSNN.OB. The company has recently acquired Broadvox LLC's cloud services business which may allow Fusion to expand. Fusion's stock continues to trade in a narrow $0.10-$0.15 band. However, the Plan Administrator has been advised that an immediate sale of a significant block of Fusion stock would depress the market price of the stock significantly. Accordingly, the Plan Administrator continues to look for a strategic opportunity to monetize this asset. The Fusion stock is pledged to Northlight.

### Claims Objections and Adversary Proceedings

The Plan Administrator has resolved all of its claims objections which it filed in December of 2012 and January of 2013.

The Plan Administrator has also resolved all of its adversary proceedings that were commenced in March 2013.

### Other Litigation.

In each of its prior status reports, the Plan Administrator indicated that it might commence additional actions which were subject to tolling agreements. At the end of December, the Plan Administrator, along with certain individual investors that reside in Florida and New York, commenced two actions, one in State Court in Broward County Florida (the "FL Action")

---

are substantially out of the money and have exercise prices between $0.22 and $0.36 per share.

{00707873.DOC;1 } 4

against Signature Bank, certain employees and officers and directors of Signature Bank and William Landberg, the Debtor's CEO. The action seeks recovery of $66,000,000 for various tortuous acts including but not limited to fraud, breach of fiduciary duty, violations of Florida's RICO statute, aiding and abetting breach of fiduciary duty, negligent misrepresentation, conversion, and conspiracy. The second action was commenced in New York State Court by the Plan Administrator as assignee of the claims of WestLB Bank under the assignment and power of attorney granted in connection with the settlement of the claims between the Debtor and WestLB in the MCC Funding chapter 11 case. These claims seek the recovery in an amount to be determined at trial but not less than $10,800,000 for Signature's breach of the Credit and Security Agreement and Deposit Control Agreement whereby it is alleged that Signature permitted the Debtor to use WestLB's collateral held in a "blocked" Interest Reserve Account to satisfy unsecured overdrafts and other unsecured obligations allegedly owed by West End to Signature in breach of the applicable agreements. Both cases are in the very early stages of the litigation and the Plaintiffs are in the process of serving the complaints.

Dated:   New York, New York
         December 29, 2014

                                          ROBINSON BROG LEINWAND
                                          GREENE GENOVESE & GLUCK P.C.

{00707873.DOC;1 }5

Attorneys for the Plan Administrator
875 Third Avenue
New York, New York 10022
(212) 603-6300


By: /s/ A. Mitchell Greene
     A. Mitchell Greene